81 F.3d 170
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon ALVAREZ-RODRIGUEZ, Defendant-Appellant.
 No. 95-50016.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1996.
Decided March 21, 1996.
 
 Before: PREGERSON, T.G. NELSON, Circuit Judges, and LYNCH,* District Judge.
 MEMORANDUM**
 Ramon Alvarez-Rodriguez appeals the district court's denial of his motion for new trial pursuant to Federal Rules of Criminal Procedure 33.
 Ramon Alvarez-Rodriguez was convicted of four counts charging him while incarcerated with hostage taking, kidnapping, two counts of escape, and aiding and abetting (18 U.S.C. §§ 1201(a)(5), 1203(a), 751(a), and 18 U.S.C. § 2).
 The appellant contends that the district court erred as a matter of law when it denied appellant's motion for appointment of counsel for purposes of representing him in his new trial motion.
 Appellant's motion was clearly one for new trial. He entitled his motion as such, and the grounds for same was newly discovered evidence pursuant to Federal Rules of Criminal Procedure 33.
 We reverse the district court's denial of appellant's motion for new trial as appellant had the right as a matter of law to have counsel appointed to represent him in said motion.
 In Menefield v. Borg, 881 F.2d 696, 699 (9th Cir.1989) the Ninth Circuit held, "that the right to counsel attaches to the motion for a new trial stage." The Menefield court proceeded: "We therefore hold that, at least in the absence of extraordinary circumstances, an accused who requests an attorney at the time of a motion for new trial is entitled to have one appointed, unless the government can show that the request is made for a bad faith purpose." Id. at 701. This was reiterated in U.S. v. Robinson, 913 F.2d 712, 718 (9th Cir.1990).
 There was no finding by the trial judge that the request for appointment of counsel was made for a bad faith purpose nor did the prosecution urge such a finding on the district court.
 Accordingly, the matter is reversed and remanded for appointment of counsel to represent appellant in his motion for new trial.
 REVERSED and REMANDED.
 
 
 
 *
 The Honorable Eugene F. Lynch, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3